a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DEMORIUS L. ANDERSON, Petitioner | CIVIL ACTION NO. 1:19-CV-399-P |
| VERSUS | JUDGE DEE D. DRELL |
| CALVIN JOHNSON, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Demorius L. Anderson ("Anderson") (#20167-058). Anderson is an inmate in the custody of the Federal Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. Anderson challenges the legality of his conviction in the United States District Court for the District of South Carolina.

Because Anderson cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

I.  Background

Anderson pleaded guilty to conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841(a)(1), 846, and possession of a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 922(g). Anderson v. United States, 448 F. App'x 398, 399 (4th Cir. 2011). Anderson was sentenced to a total of 248 months of imprisonment, consisting of 188 months on the conspiracy charge and a mandatory consecutive 60 months on the firearm charge. Id.

On appeal, Anderson's attorney filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but questioning whether Anderson's sentence was reasonable. Anderson filed a pro se supplemental brief challenging his sentence and asserting an entrapment defense. The appellate court affirmed the conviction and sentence. <u>Anderson v. United States</u>, 448 F. App'x 398 (4th Cir. 2011).

Anderson filed a Motion to Vacate under 28 U.S.C. § 2255 in the District of South Carolina. (6:10-cr-907, D. S.C.; Doc. 229). Anderson argued that, in light of the United States Supreme Court's decisions in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) and <u>Welch v. United States</u>, 136 S. Ct. 1257 (2016), he is "actually innocent of carrying a firearm during a crime of violence." (6:10-cr-907, D. S.C.; Doc. 229). Therefore, Anderson asserted that he was "entitled to seek relief from his convictions and attendant sentences imposed under § 924(c)." (6:10-cr-907, D. S.C.; Doc. 229). Because Anderson was not sentenced under the Armed Career Criminal Act, the court found that <u>Johnson</u> and <u>Welch</u> were inapplicable and denied the motion. (6:10-cr-907, D. S.C.; Doc. 277).

Anderson filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" with consent of the Government, which indicated that Anderson is entitled to some relief. (6:10-cr-907, D. S.C.; Docs. 296, 297). The motion is pending and should result in a reduction of Anderson's sentence.

In his § 2241 Petition, Anderson claims he is actually innocent of the charges. (Doc. 1).

II. <u>Law and Analysis</u>

Anderson seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. <u>See</u> <u>Tolliver v. Dobre</u>, 211 F. 3d 876, 878 (5th Cir. 2000). The petitioner bears the burden of affirmatively proving that the § 2255 remedy is inadequate. <u>See</u> <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001).

Anderson does not cite a retroactively applicable Supreme Court decision establishing that he may have been convicted of a non-existent offense. <u>See</u> <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001) ("'Actual innocence' for the purposes of our savings clause test could only be shown if Jeffers could prove that based on a retroactively applicable Supreme Court decision, he was convicted for conduct that

3

did not constitute a crime."). Therefore, Anderson cannot meet the requirements of the savings clause.

Additionally, Anderson's claim that he is actually innocent of his career offender enhancement does not warrant review under § 2241. Kinder v. Purdy, 222 F.3d 209, 213–14 (5th Cir. 2000).

### III. Conclusion

Because Anderson cannot meet the requirements of the savings clause of § 2255(e), his Petition (Doc. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Anderson's claims.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __25th__ day of April, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge